## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY W. FREEMAN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.: 18-3135** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | * | **SEC._____  MAG._____** |

---

## ACTION FOR DISABILITY BENEFITS
---

The complaint of Larry W. Freeman, a resident of lawful age domiciled in the Parish of Terrebonne, State of Louisiana, with respect, represents the following:

### I.

Made defendant herein is Life Insurance Company of North America (hereinafter referred to as "LINA"), a foreign corporation authorized to do and doing business in the Parish of Terrebonne, State of Louisiana.

### II.

Jurisdiction is based on ERISA 29 USC 1101.

### III.

Larry W. Freeman (hereinafter referred to as "Freeman"), date of birth October 28, 1952, was employed by Crosby Tugs, L.L.C. (hereinafter referred to as "Crosby") for many years and as of March 15, 2015, was a licensed coast guard captain at a wage of eighty-five thousand

($85,000.00) per year and had purchased a policy long term disability insurance through Crosby effective November 1, 2011.

## IV.

On or about March 15, 2015, while in the service of a vessel, he suffered a back and hip condition. He was treated by Dr. Bruce McAllister who performed a back fusion on May 20, 2015 from L5 – S1.

## V.

He was referred to Dr. Chad Millet in August, 2015, who advised Freeman he would need a hip replacement.

## VI.

An FCE was done on October 1, 2015 which revealed Freeman could be released to light duty with restrictions of occasional lifting up to 20 lbs., frequent lifting of 10 lbs., occasional carrying of more than 20 lbs., avoid sustained crouching, limit trunk flexion, sitting, kneeling, squatting, crawling and ladder climbing to rare, which precluded him from returning to his work as a captain.

## VII.

Short term disability was paid from March 21, 2015 to August 15, 2015 at the rate of $4,924.57.

## VIII.

As of August 15, 2015, after being found disabled by Social Security, long term disability was paid at the rate of $2,358.00 to September 11, 2017, after LINA took a credit for Social Security Disability benefits.

IX.

By correspondence dated November 10, 2017, Freeman was advised by LINA he could obtain a captain's license and return to work.

X.

Freeman returned to Crosby and was advised by the Coast Guard he could not obtain a license because of his medical conditions.

XI.

In the correspondence of November 10, 2017, material misrepresentations were made about his medical conditions and ability to return to work as a coast guard licensed captain.

XII.

The conduct of defendant was arbitrary, capricious, and without probable cause entitling Larry Freeman to general and special damages and penalties of two times the damages plus attorney fees.

WHEREFORE, petitioner Larry W. Freeman, prays that defendant, Life Insurance Company of North America, be duly cited and served with a copy of this complaint, and, after all due proceedings are had, that there be judgment rendered herein in favor of plaintiff, Larry W. Freeman and against defendant, Life Insurance Company of North America, for general and special damages as allowed by law and attorney fees, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted by:


/s/ Joseph J. Weigand, Jr.
_____
**JOSEPH J. WEIGAND, JR., B.R. #13323**
**220 Progressive Blvd., Suite B**
**P.O. Box 6062**
**Houma, LA  70361**
**Telephone: (985) 876-3071**
**COUNSEL FOR PLAINTIFF, LARRY**
**W. FREEMAN**


**Please Serve:**

**LIFE INSURANCE COMPANY OF NORTH AMERICA**
**through its agent for service:**
**Louisiana Secretary of State**
**8585 Archives Ave.**
**Baton Rouge, Louisiana 70809**